# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 48877-9-II |
| Respondent, | |
| v. | consolidated with |
| JOHN PHET, | |
| Appellant. | |
| In re the Matter of the Personal Restraint Petition of: | No. 49508-2-II |
| JOHN PHET, | UNPUBLISHED OPINION |
| Petitioner. | |

MELNICK, J. — John Phet appeals his resentencing for crimes committed when he was 16. Both the State and the Indeterminate Sentencing Review Board (ISRB) agree he should be resentenced, as do we. We remand for resentencing.

In 1998, 16 year old Phet participated in a gang related shooting. In 2002, a jury convicted Phet of five counts of aggravated murder in the first degree and five counts of assault in the first degree. The court sentenced Phet to five terms of life without the possibility of release for the murders, five 100-month terms for the assaults, and 60-month firearm enhancements for each of the ten counts. The court ran all terms consecutive to each other.

In *Miller v. Alabama*, 567 U.S. 460, 132 S. Ct. 2455, 183 L. Ed. 2d 407 (2012), the United States Supreme Court ruled unconstitutional mandatory life sentences without the possibility of parole for people who committed their crimes as juveniles. The Washington State Legislature

subsequently enacted a statute that eliminated mandatory life without the possibility of release sentences for defendants convicted of aggravated murder in the first degree for crimes committed before they turned eighteen. It also mandated resentencing for juvenile defendants sentenced prior to *Miller*. RCW 10.95.030(3), .035(1).

As a result, the court resentenced Phet in 2016. It imposed a 25-year minimum term for each aggravated murder in the first degree charge. The court made an oral pronouncement that it believed the five sentences had to run consecutively. It took this action being "fully aware" that the five consecutive terms for aggravated murder were the functional equivalent of a life sentence without the possibility of release. Report of Proceedings (RP) at 167. The court also determined that it lacked the authority to consider adjusting the sentences for the assault convictions or the firearm enhancements and left those sentences unchanged.

Phet appeals the resentencing.

Phet argues that the resentencing court erred when it determined that it did not have the discretion to consider resentencing on all charges.[1] The State and the ISRB agree, as do we.

We note that subsequent to the resentencing, at least three important cases were decided that changed the landscape on the issues raised by Phet. *State v. Ramos*, 187 Wn.2d 420, 387 P.3d 650 (2017); *State v. Bassett*, 192 Wn.2d 67, 428 P.3d 343 (2018); and *State v. Gilbert*, 193 Wn.2d 169, 438 P.3d 133 (2019). The resentencing court did not have the benefit of this jurisprudence. As relevant here, we only discuss *Gilbert*.

---

[1] Phet also argues that his current sentence is a de facto life sentence without the possibility of release and is therefore unconstitutional. Because we remand for resentencing, we need not address this issue.

In resentencing a juvenile under RCW 10.95.035, a court's discretion is not limited to the sentence for aggravated murder in the first degree. Its discretion extends to the entire sentence. The court is required to consider the youth of the defendant as a mitigating factor and it has discretion to impose an exceptional sentence regardless of any sentencing provision to the contrary. *Gilbert*, 193 Wn.2d at 176.

> [T]he court must consider the mitigating circumstances related to the defendant's youth, including, but not limited to, the juvenile's immaturity, impetuosity, and failure to appreciate risks and consequences—the nature of the juvenile's surrounding environment and family circumstances, the extent of the juvenile's participation in the crime, the way familial and peer pressures may have affected him or her, how youth impacted any legal defense, and any factors suggesting that the juvenile might be successfully rehabilitated.

*Gilbert*, 193 Wn.2d at 176.

"If after considering such factors, the trial court does find an exceptional sentence is warranted, it may adjust the standard sentence to provide for a reduced term of years, for concurrent rather than consecutive sentences, or for both." *Gilbert*, 193 Wn.2d at 176-77.

Based on the foregoing, we remand to the trial court to resentence Phet.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Melnick, J.
_____
Melnick, J.

We concur:

Maxa, C.J.
_____
Maxa, C.J.

Sutton, J.
_____
Sutton, J.

3